OPINION
{¶ 1} On January 23, 2002, the Stark County Grand Jury indicted appellant, Joseph Turner, and a co-defendant, Mary Vaught, on one count of aggravated robbery with a firearm specification in violation of R.C.2911.01 and R.C. 2941.145. Said charge arose from an armed robbery at Church's Fried Chicken on December 30, 2001.
 {¶ 2} A jury trial commenced on April 8, 2002. The jury found both appellant and Ms. Vaught guilty as charged. By judgment entry filed April 18, 2002, the trial court sentenced appellant to ten years in prison plus three years for the firearm specification, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT INITIALLY ADMITTED THE APPELLANT'S STATEMENTS TO A POLICE OFFICER INTO EVIDENCE EVEN THOUGH THE PROSECUTING ATTORNEY DID NOT COMPLY WITH CRIM.R. 16(B)(1)(a)(ii), AND SUBSEQUENTLY DENIED A MOTION FOR MISTRIAL."
II
 {¶ 5} "THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF AGGRAVATED ROBBERY WITH A FIREARM SPECIFICATION AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 6} Appellant claims the trial court erred in denying a motion for mistrial based upon a violation of Crim.R.16(B)(1)(a)(ii). We disagree.
 {¶ 7} Appellant complains of the following testimony, elicited by the prosecutor during the direct examination of Officer Craig Riley:
 {¶ 8} "Q. Now after they were arrested, Officer Riley, did they make any statements to you?
 {¶ 9} "A. They just said that they — at first they said —
 {¶ 10} "* * *
 {¶ 11} "A. At first they had said that — Joe said that he was a Joe Friedman, and Mary said she was Mary Brown.
 {¶ 12} "* * *
 {¶ 13} "Q. Did they give you any indication as to what they were doing when they were arrested?
 {¶ 14} "A. They said that they didn't do it, we got the wrong people. At that point we hadn't even notified them with what their warrants were yet." T. at 327.
 {¶ 15} The state concedes it failed to disclose that appellant had given a false name when approached by the police. The state claims it had learned of the statement the morning of trial, had no intention to use the statement and had instructed the officer not to mention it. T. at 333.
 {¶ 16} Crim.R. 16(E)(3) governs failure to comply and states as follows:
 {¶ 17} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence that material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 18} Undisclosed evidence can be admitted "if it can be shown that the failure to provide discovery was not willful, foreknowledge of the statement would not have benefitted the defendant in the preparation of the defense, and the defendant was not prejudiced by the admission of the evidence." State v. Heinish (1990), 50 Ohio St.3d 231, 236, citingState v. Parson (1983), 6 Ohio St.3d 442. Imposition of discovery sanctions rests in the trial court's sound discretion. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 245. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 19} On cross-examination, Officer Riley acknowledged he did not reduce appellant's alias statement to writing, but did include it on "form A." T. at 330.[1] In the state's response to discovery filed January 28, 2002, appellant's criminal record was provided and indicated appellant used aliases (Joseph Turner, Jo Friedman). Officer Riley admitted he did not inform the prosecutor until the morning of trial regarding appellant's use of an alias. T. at 331.
 {¶ 20} Defense counsel requested a curative instruction. T. at 332. Prior to the trial court ruling, defense counsel requested a mistrial. T. at 334. The trial court denied the request for a mistrial, but gave the following curative instruction:
 {¶ 21} "Ladies and gentlemen of the jury, you are specifically instructed by me, by the Court, to disregard any testimony by this witness in regard to anything said to him by either of the Defendants, by either Defendant Turner, Mr. Turner, or Defendant Miss Vaught." T. at 336.
 {¶ 22} We note the trial court not only struck the testimony regarding the aliases, but went further and struck the testimony regarding the denials.
 {¶ 23} We find the discovery violation was not intentional but inadvertent. The curative instruction went beyond the discovery violation and was clearly a reasonable alternative to a mistrial, and properly addressed the issue. The trial court did not err in denying the request for a mistrial.
 {¶ 24} Assignment of Error I is denied.
 II {¶ 25} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 26} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 27} Appellant was convicted of aggravated robbery with a firearm specification in violation of R.C. 2911.01(A)(1) and R.C. 2941.145:
 {¶ 28} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01
of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 29} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
 {¶ 30} "* * *
 {¶ 31} "(A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 32} Appellant challenges his conviction based upon the identification of him by two of the victims, Karla Moore and Brenda McGinnis.
 {¶ 33} Ms. Moore testified when the robbers first came into the restaurant, she "looked up dead in his face." T. at 223. She stated "all he could do was turn his head to the side" and "I just kept staring at him." T. at 224. Ms. Moore did not know the robbers' names, but had seen them previously. T. at 227. She identified appellant from a photo array, and identified him in the courtroom. T. at 230-232, 233-234. Ms. Moore stated "there is no doubt * * * in my mind" that appellant and Ms. Vaught were the robbers. T. at 234.
 {¶ 34} Ms. McGinnis testified she was making biscuits when someone tugged on her coat. T. at 257. She thought it was the delivery man and she told him she would be with him in just a minute. Id. The man told her not to be stupid and pulled her around the corner. T. at 257-258. Ms. McGinnis identified appellant from a photo array. T. at 262-265. At trial, although she asked to see the side of appellant's face, she was unable to identify him. T. at 266-267.
 {¶ 35} Both women testified the male robber brandished a gun. T. at 223, 257-258. The third victim, manager Charlotte Starcher, was unable to identify anyone, but did see "the gun on the side of the man." T. at 213, 215, 217.
 {¶ 36} Appellant presented alibi witnesses. Kathy Turner, appellant's sister, testified appellant came to her home around 9:45 a.m. that morning. T. at 382. Homer Wright, an assistant manager, testified he was called to the restaurant between 9:00 and 10:30 a.m. T. at 283. Ms. Moore testified the robbery happened around 10:00 a.m. T. at 222. The police were dispatched via a "911" call at 10:15 a.m. T. at 309. Mithann Turner, appellant's sister, testified appellant came home "about 9:30, no later than a quarter till 10." T. at 406. Robert Waiters, appellant's friend, testified he arrived at the Turner residence at 9:45 a.m. and appellant was there. T. at 431-432. Mr. Waiters admitted to drinking beer that morning. T. at 432, 434.
 {¶ 37} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 38} We are not permitted to supplant the credibility calls of jurors and find sufficient doubt regarding the alibi witnesses created by the familiar relationship of two of the witnesses and the alcohol consumption of the third.
 {¶ 39} Upon review, we find sufficient credible evidence to support Ms. Moore's identification to uphold the conviction.
 {¶ 40} Assignment of Error II is denied.
 {¶ 41} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggin, J. concur.
topic: aggravated robbery: manifest weight; discovery
[1] "Form A" is actually "Form 8," attached to the Canton Municipal Court papers and made a part of the record on January 23, 2002.